IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:25-CV-00076-M-RJ

VAPOR TECHNOLOGY ASSOCIATION, et al.,

    Plaintiffs,

v.

MCKINLEY WOOTEN, JR., *in his official capacity as* NORTH CAROLINA SECRETARY OF REVENUE, et al.,

    Defendants.

ORDER

This matter comes before the court on Plaintiffs' Motion for Injunction Pending Appeal [DE 39] and Motion to Shorten Time to Respond [DE 41]. They seek to enjoin enforcement of North Carolina Session Law 2024-31 ("S.L. 2024-31") during the pendency of Plaintiffs' appeal to the Fourth Circuit.

Under Federal Rule of Civil Procedure 62(d), "[t]he standard for an injunction pending appeal is the same as the standard for a preliminary injunction." *White v. EPA*, No. 2:24-CV-00013-BO, 2024 WL 3894240, at *1 (E.D.N.C. Aug. 20, 2024). Accordingly, the moving party must show that "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest." *ClearOne Advantage, LLC v. Kersen*, 710 F. Supp. 3d 425, 431 (D. Md. 2024) (citing *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).

As it has previously, the court finds that Plaintiffs are not entitled to preliminary injunctive relief. Neither the passage of six days nor the arguments detailed in the pending motion dissuade

the court of its belief that Plaintiffs are "highly unlikely to succeed on the merits of their preemption claim." DE 36 at 10. The court remains firmly convinced that the enactment of S.L. 2024-31 was a lawful exercise of North Carolina's police powers. Plaintiffs' core contention that the Preservation and Savings Clauses only permit states to enact sales regulations so long as they do not reference a provision of the Food, Drug, and Cosmetic Act ("FDCA") lacks support from both the text of the FDCA and the Supreme Court. The question presented—and the question previously answered—is whether North Carolina is indirectly attempting to enforce provisions of the FDCA, in violation of 21 U.S.C. § 337(a). Considering that the FDCA, by its own terms, expressly permits states to continue regulating the sale of tobacco products, and for the reasons described more fully in the court's June 27, 2025, order [DE 36], the court finds that it is not.[1]

Accordingly, as Plaintiffs are highly unlikely to succeed on the merits of their appeal, their Motion for Injunction Pending Appeal [DE 39] is DENIED and their Motion to Shorten Time to Respond [DE 41] is DENIED AS MOOT.

SO ORDERED this ___3rd___ day of July, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The court has reviewed in detail those cases cited by Plaintiffs that have come to contrary conclusions. *See Iowans for Alternatives to Smoking & Tobacco, Inc. v. Iowa Dep't of Revenue*, No. 4:24-cv-00448, -- F. Supp. 3d --, at *12 (D. Iowa May 2, 2025) (finding that "[s]tates may permissibly ban all ENDS products or ban all flavored products" but may not "create a scheme that is parasitic on the FDCA by conditioning sales based on FDA authorization status"). The court notes that S.L. 2024-31 does not exclusively condition access to the state directory on compliance with the FDCA and finds, in any event, that the rationale contained in these cases is unconvincing. *See* N.C. Gen. Stat. § 143B-245.11(a)(2); § 143B-245-12(b).

2